Timothy J. Yoo (SBN 155531)
Carmela T. Pagay (SBN 195603)
Richard P. Steelman, Jr. (SBN 266449)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: TJY@LNBYG.COM; CTP@LNBYG.COM; RPS@LNBYG.COM

Attorneys for Plaintiff
Jason Rund, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | Adv. No. 2:22-ap-_____-BR |
| JASON RUND, Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi, | **COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF VOIDABLE TRANSFER; AND (2) DISALLOWANCE OF CLAIM** |
| Plaintiff, | |
| v. | **[11 U.S.C. §§ 502, 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09]** |
| KATHLEEN L. BAJGROWICZ, an individual, | |
| Defendant. | |

Plaintiff Jason Rund, the duly appointed Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of Thomas Vincent Girardi, the debtor herein (the "Debtor"), respectfully alleges as follows:

///

1

## **REQUIRED PLEADING DISCLOSURE**

1.     In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this Complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the Estate as each such claim for relief will impact property of the Estate and the amount of money available for distribution to the Debtor's creditors. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Kathleen L. Bajgrowicz ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008(a) and 7012(b) require each defendant to plead whether each claim for relief asserted against such defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

## **JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3.     This adversary proceeding is brought pursuant to Rule 7001, *et seq*. of the FRBP and Sections 502, 544, 548, 550, and 551 of title 11 of the United States Code, sections 101, *et seq*. (the "Bankruptcy Code") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and relates to the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR) under title 11 of the United States Code pending in this District and before this Court.

///

///

///

**PARTIES**

5.     On December 18, 2020, petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors") filed a Chapter 7 Involuntary Petition against the Debtor.

6.     On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc. 13][1], which was granted by the Bankruptcy Court on January 5, 2021 [Doc. 39]. On January 6, 2021, the United States Trustee appointed the Trustee as the Chapter 7 Trustee for this bankruptcy case.

7.     On January 13, 2021, the Order for Relief was entered [Doc. 64].

8.     The Trustee is informed and believes and, based upon thereon alleges that at all relevant times in this Complaint, Defendant was and currently still is a resident in this judicial district (Los Angeles County, State of California), as evidenced by her submitted Proof of Claim 18 filed in the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR) on or about April 19, 2021.

9.     The Trustee is informed and believes and, based upon thereon alleges that at all relevant times in this Complaint, Defendant used the law firm Girardi Keese in order to obtain a settlement in connection with the *In re: National Football League Players' Concussion Injury Litigation* (the "NFL Settlement").

10.     The Trustee brings this action solely in his capacity as chapter 7 trustee for the Estate and its respective creditors. To the extent that the Trustee hereby asserts claims under 11 U.S.C. § 544(b), the Trustee is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfer or obligation under California or other applicable law before the Petition Date.

11.     The Trustee was appointed as chapter 7 trustee after the Petition Date. As a result, the Trustee does not have personal knowledge of the facts alleged in this Complaint that occurred

---

[1] Docket numbers referenced in this Complaint are to the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR).

prior to his appointment and, therefore, alleges all those facts on information and belief. The Trustee reserves the right to amend this Complaint to allege additional claims against defendants and to challenge and recover transfers made to or for the benefit of defendants in addition to the transfer alleged in this Complaint.

**GENERAL ALLEGATIONS**

12.    The Trustee is informed and believes and based thereon alleges that, on or about October 17, 2018, prior to the Petition Date, the Debtor in his individual capacity made a $200,000 payment (the "Transfer") to Defendant via check number 1082 in the Debtor's City National Bank ("Citi") account ending in -2709. A true and correct copy of the Transfer, which shows as having been paid and completed on or about October 18, 2018, is attached hereto as **Exhibit 1**.

13.    The Trustee is informed and believes, and based thereon alleges, that even though Debtor did not individually owe any debt to Defendant (instead, Defendant's law firm Girardi Keese owed her the NFL Settlement), Debtor planned by purpose and design, specifically through the Transfer, to abscond and secrete the Debtor's assets for the purpose of defrauding the Debtor's creditors, including those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

14.    The Trustee recognizes that Defendant is a victim of the conspiracy orchestrated by Debtor and Girardi Keese. However, the Trustee is compelled and required to file this action to preserve the bankruptcy estate's rights.

**FIRST CLAIM FOR RELIEF**

**(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

15.    The Trustee hereby repeats, re-alleges, and incorporates each and every allegation contained in the foregoing paragraphs 1 through 14, inclusive, of this Complaint as though fully set forth herein.

16.    The Trustee is informed and believes, and based thereon alleges, that the Transfer was made to or for the benefit of Defendant.

17.    The Transfer was made within four years of the Petition Date.

18.     The Trustee is informed and believes, and based thereon alleges, that there were actual creditors of the Debtor in existence against whom the Transfer was avoidable. Specifically, the Trustee is informed and believes, and based thereon alleges, that, at all relevant times, the Transfer was voidable under California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable against the estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

19.     The Trustee is informed and believes, and based thereon alleges, that the Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud any creditor of the Debtor, including but not limited to the Petitioning Creditors, so that the $200,000 (*i.e.*, the sum of the Transfer) to Defendant was put out of the reach of such creditors so that the Debtor's obligations owed to his personal creditors could not be satisfied.

20.     The Trustee is informed and believes, and based thereon alleges, that the Debtor made the Transfer to Defendant for no consideration, particularly when Debtor had no legitimate reason to use his personal funds to make the Transfer (*i.e.*, the $200,000 payment) to Defendant.

21.     The Trustee is informed and believes, and on that basis alleges thereon, that, based on the foregoing, the Trustee may avoid the Transfer and recover the equivalent value of said fraudulent transfer for the benefit of the Estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

22.     The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23.     The Trustee is informed and believes, and on that basis alleges thereon, that the Transfer was made to or for the benefit of Defendant.

24.     The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Transfer to Defendant (a) without receiving a reasonably equivalent value in exchange for the Transfer, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond his ability to pay as they became due.

25.     The Trustee is informed and believes, and on that basis alleges thereon, that, at all relevant times, the Transfer was voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Estate.

26.     The Trustee is informed and believes, and on that basis alleges thereon, that, based on the foregoing, the Trustee may avoid the Transfer and recover the equivalent value of said fraudulent transfer for the benefit of the Estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## **THIRD CLAIM FOR RELIEF**

**(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.05 and 3439.07)**

27.     The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 26, inclusive, of this Complaint as if set forth fully herein.

28.     The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Transfer to or for the benefit of Defendant without receiving a reasonably equivalent value in exchange for the Transfer because the Transfer was made for no consideration.

29.     The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's assets.

///

30.     The Transfer constitutes a voidable transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 *et seq.*, and therefore, are avoidable by the Trustee.

**FOURTH CLAIM FOR RELIEF**

**(Preservation of Avoided Transfer Pursuant to 11 U.S.C. §§ 550 and 551)**

31.     The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 30, inclusive, of this Complaint as if set forth fully herein.

32.     The Transfer is the Debtor's property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05 and 3439.07 and 11 U.S.C. § 544(b), and based thereon, the Trustee is entitled to avoid the Transfer.

33.     The Trustee is informed and believes, and on that basis alleges thereon, that, Defendant was the initial transferee of the Transfer, or that she was the individual for whose benefit the Transfer was made, within the meaning of 11 U.S.C. § 550(a).

34.     Upon avoidance of the Transfer, the Trustee is entitled to recover the Transfer, together with interest at the applicable rate from the date of the Transfer, for the benefit of the Estate pursuant to 11 U.S.C. § 550 and to preserve the avoided Transfer pursuant to 11 U.S.C. § 551.

**FIFTH CLAIM FOR RELIEF**

**(For Disallowance of Claims Pursuant To 11 U.S.C. § 502(d))**

35.     The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 34, inclusive, of this Complaint as if set forth fully herein.

36.     Pursuant to 11 U.S.C. § 502(d), in light of Defendant's Proof of Claim 18 filed in the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR) on or about April 19, 2021, or as Defendant may amend or otherwise assert a further claim in the Debtor's individual bankruptcy case (No. 2:20-bk-21020-BR), as the term "claim" is defined by 11 U.S.C. § 101(10), the Trustee requests that any such claim(s) be disallowed for Defendant's failure to return or repay the Transfer, or the value thereof.

///

///

**RESERVATION OF RIGHTS**

37.     The Trustee reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and revisions to Defendant's names, (iv) additional defendants, and (v) additional claims for relief, that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

38.     The Trustee reserves the right to bring all other claims for relief that he may have against Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of the Trustee's right to object to any proof of claim filed by Defendant. Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof of claim filed by Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Trustee prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.     For a judgment and/or order that the Transfer is avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE SECOND CLAIM FOR RELIEF**

2.     For a judgment and/or order that the Transfer is avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE THIRD CLAIM FOR RELIEF**

3.     For a judgment and/or order that the Transfer is avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.05 or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE FOURTH CLAIM FOR RELIEF**

4.     For a judgment and/or order that the Trustee is entitled to recover the Transfer, or the value thereof, together with interest at the applicable rate from the date of the Transfer, from

1  Defendant for the benefit of the Estate pursuant to 11 U.S.C. § 550 and to preserve the avoided

2  Transfer pursuant to 11 U.S.C. § 551;

3      **ON THE FIFTH CLAIM FOR RELIEF**

4      5.    For a judgment and/or order disallowing any claim(s) that Defendant may assert

5  or has asserted against the Estate under 11 U.S.C. § 502(d);

6      **ON ALL CLAIMS FOR RELIEF**

7      6.    For interest in an amount authorized by law;

8      7.    For costs of suit incurred herein, including, without limitation, attorneys' fees;

9  and

10      8.    For such other and further relief as the Court deems just and proper.

11  DATED: December 14, 2022        LEVENE, NEALE, BENDER,
12                          YOO & GOLUBCHIK L.L.P.

13                   By:_Richard P. Steelman, Jr._
14                       TIMOTHY J. YOO
15                       CARMELA T. PAGAY
                        RICHARD P. STEELMAN, JR.
                Attorneys for Plaintiff
16                  Jason Rund, Chapter 7 Trustee for the bankruptcy
                estate of Thomas Vincent Girardi

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

**THOMAS V. GIRARDI**
**ERIKA N. GIRARDI**
1126 WILSHIRE BLVD
LOS ANGELES, CA 90017

1082

16-1606/1220
102

10/17/18

Date

Pay to the
Order of          Kathleen L. Bajgrowicz                              $ 200,000.00

Two hundred thousand and 00/100--------------------------------- Dollars

**CITY NATIONAL BANK**
The way up.®
PRIVATE CLIENT SERVICES
(800) 773-7100

For

Date:20181018 Check:1082 Account:████2709 Amount:200000.00

Date:20181018 Check:1082 Account:████2709 Amount:200000.00